UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DENNIS GUY ERDMAN,

        Plaintiff,                       Case No. 1:06-cv-906

v.                                            Honorable Gordon J. Quist

PATRICIA CARUSO et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

At the time he filed the instant action, Plaintiff was incarcerated in the Bellamy Creek Correctional Facility (IBC). He was discharged from prison on January 1, 2007, and is residing in Texas. In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Hearings Officer Donald Israel and IBC Warden Ken McKee.

Plaintiff claims that during his seventeen years of incarceration he accumulated a large amount of legal property. Under MDOC policy, the amount of personal property a prisoner may possess is limited due to sanitation, housekeeping and security concerns. See MICH. DEP'T. OF CORR., Policy Directive 04.07.112(C) (eff. Nov. 15, 2004). If a prisoner claims to have legal property that exceeds allowable limits, an administrative hearing is conducted. *Id.* at (N). Plaintiff states that he has had several administrative hearings in the past concerning his excess legal property and was permitted to keep several footlockers for storage of his legal materials. In 2006, while he was incarcerated at IBC, Plaintiff requested an administrative hearing in order to be approved for two additional foot lockers to store his excess legal property. Following an administrative hearing, Defendant Israel denied Plaintiff's request for additional footlockers. Instead, Plaintiff claims that Israel ordered a reduction of Plaintiff's legal property and ordered that the excess property be destroyed in thirty days.

Plaintiff filed several grievances concerning the reduction of his legal property. His grievances were rejected at Step I because the decision of a hearing officer is a non-grievable matter. Plaintiff appealed the rejection of his grievances to Steps II and III of the administrative grievance process. Plaintiff seeks declaratory and injunctive relief.

II.  Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As an initial matter, Plaintiff fails to state a claim against Defendants Caruso and McKee. Plaintiff alleges only that he "argued his grievances" with Caruso and McKee. The Sixth Circuit has held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.* Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). In this case, Plaintiff's grievances concerning his legal property were rejected as non-grievable. In any event, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court need not determine whether Plaintiff properly exhausted his administrative remedies.

improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994) (no constitutional right to a grievance procedure). The Sixth Circuit has only found that there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Shehee*, 199 F.3d at 301. Plaintiff does not allege retaliation in this case. Accordingly, Plaintiff's allegations against Defendants Caruso and McKee fail to state a claim of constitutional dimension.

With regard to Defendant Israel, Plaintiff does not specify which of his constitutional rights were infringed by the reduction of his legal property. Liberally construing his complaint, Plaintiff's allegations implicate his Fourteenth Amendment due process rights and his First Amendment right of access to the courts. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. However, the Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

Assuming Plaintiff had a property interest in his excess legal property, he received the process to which he was due at the administrative hearing conducted by Defendant Israel. *See Zinermon,* 494 U.S. at 127-28. This Court will not second-guess the decision of the hearing officer regarding the volume of excess legal property that a prisoner may possess. Moreover, MDOC policy provides that a prisoner may designate a person to pick-up the excess property or mail the excess property out of the prison at the prisoner's expense to avoid its destruction. MICH. DEP'T. OF CORR., Policy Directive 04.07.112(OO). Plaintiff does not allege that he was denied the opportunity to send his property out of the facility. Accordingly, Plaintiff fails to state a claim against Defendant Israel for violation of his due process rights.

Plaintiff's allegations also implicate his first amendment right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. Even though *Bounds* gave inmates the tools to attack their sentences and challenge their conditions of confinement, the inability of an inmate to become a "litigating engine" is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). Moreover, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Id.* at 349; *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). Plaintiff does not allege that he suffered any actual injury as the result of the reduction in the amount of legal property that he was permitted to possess. Consequently, he also fails to state a First Amendment claim against Defendant Israel.

III.     Motion for Temporary Restraining Order

Plaintiff filed a motion for temporary restraining order and preliminary injunction (docket #3). Because I find that Plaintiff fails to state a claim upon which relief may be granted, I also recommend that the Court deny Plaintiff's motion as moot.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). I also recommend that the Court deny Plaintiff's motion for temporary restraining order and preliminary injunction (docket #3). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  January 22, 2007           /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).