UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS GUY ERDMAN,

        Plaintiff,

v.                                                   Case No. 1:06-CV-906

PATRICIA CARUSO, et al.,              HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's response and objections to the report and recommendation dated January 22, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim and that Plaintiff's motion for temporary restraining order and preliminary injunction be denied. In particular, the magistrate judge concluded that Plaintiff fails to state a claim against Defendants Caruso and McKee because their only alleged involvement was denying his grievances, which does not amount to a constitutional violation. In addition, the magistrate judge concluded that Plaintiff fails to state a claim against Defendant Israel for violation of his Fourteenth Amendment due process rights and his right of access to the courts under the First Amendment. With regard to his due process claim, the magistrate judge concluded that Plaintiff received the process which was due him at the administrative hearing conducted by Defendant Israel, and Plaintiff does not allege that he was not afforded the opportunity to have someone pick up his excess property before it was destroyed. With regard to the First Amendment claim, the magistrate judge concluded that such claim failed because Plaintiff failed to allege that he suffered any actual injury as a result of the reduction in the amount of legal property that Plaintiff was permitted to

possess. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff's brief objection fails to specify the portion of the report and recommendation that Plaintiff contends is erroneous. In fact, nothing in the objection suggests any disagreement with the report and recommendation. Accordingly, Plaintiff's objections fail to identify precisely what issues "are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, the Court will adopt the report and recommendation.

Plaintiff has also filed a motion for leave to file an amended class action civil rights complaint, apparently alleging violations of the First Amendment right of access to the courts. Plaintiff's proposed complaint alleges: "The law library hours [at Bellamy Creek Correctional Facility] should be enlarged to 3 hours of study per period; The law library law clerks should be trained paralegals in the law; The law library should have a paralegal training program open to all prisoners; And approximately $50,000.00 of law books were destroyed by Defendants." (Proposed Am. Compl. at 1.) The Court will deny the motion because Plaintiff still fails to allege that he suffered any actual injury, i.e., that he was somehow denied access to the courts. Moreover, Plaintiff admits that he is no longer incarcerated in the Michigan correctional system. Thus, it is difficult to understand how Plaintiff could allege an injury or have standing to assert a claim on behalf of himself and/or other inmates. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 22, 2007 (docket no. 7) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. This Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File An Amended Class Action Civil Rights Complaint (docket no. 9) is **DENIED**.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.


Dated: March 9, 2007                                      /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE